UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BILLY DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>LIFELOCK, INC. MARKETING AND SALES PRACTICES LITIGATION,<br><br>Defendant. | Civil No.   10-cv-1554-IEG (POR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO QUASH DEPOSITION SUBPOENA**<br><br>**[Doc. 1, 2]** |
|---|---|

On July 26, 2010, Plaintiff initiated the instant action by filing a Motion to Quash the Deposition Subpoena of Billy Daniels. [Docs. 1, 2.][1] The underlying litigation is a multi-district class action lawsuit currently pending in the District of Arizona. (Case No. 08-MD-1977 (D. Az.).) In March 2010, the case settled, and shortly thereafter, District Judge Mary H. Murguia preliminarily approved the settlement agreement and corresponding plan for class action notice. (Id. at Doc. 159.) Furthermore, Judge Murguia scheduled the final approval hearing for August 10, 2010. (Id.) After receiving notice, class member Billy Daniels filed an Objection to the proposed settlement. (Id. at Doc. 187.) Counsel representing the class of Plaintiffs ("Class counsel") then noticed Daniels for a deposition to take place on July 30, 2010.

On July 29, 2010, the Honorable Louisa S Porter held a telephonic Discovery Conference in this matter. Appearing were: Darrell Palmer, Esq., and Janine Menhennet, Esq., counsel for Billy

---

[1] The Motion appears twice on the docket. Both entries are identical, and there is no reason specified for the redundancy.

1  Daniels; Leonard Aragon, Esq., Class counsel; and Peter Antonucci, Esq., counsel for Defendants in
2  the underlying class action.  After consideration of the parties' oral argument, and based on a
3  thorough review of the briefing and relevant case law, the Court hereby GRANTS Daniels' motion
4  to quash the deposition subpoena for two reasons.  First, Class counsel failed to seek permission of
5  the district court to notice Daniels' deposition.  Although a court *may*, in its discretion, grant
6  discovery to "assist it in determining the fairness and adequacy of the settlement," there is no
7  absolute right to such discovery.  See, e.g., Jaffe v. Morgan Stanley & Co., Inc., 2008 WL 346417,
8  at *2 (N.D. Cal. 2008).  Thus, a litigant must request permission from the court *before* initiating the
9  discovery.  Furthermore, this request should be presented first to the court conducting the final
10 approval hearing.  However, Class counsel did not obtain, or even seek, permission from either this
11 Court or the District of Arizona.  Second, discovery is likely premature pending the final approval
12 hearing.  At this hearing, the court will evaluate the objections, and the litigants will have an
13 opportunity to meaningfully participate and present argument.  If, at that time, Judge Murguia finds
14 there is a need for further development of the facts, Judge Murguia may allow discovery.
15         In light of the foregoing, the deposition subpoena is hereby QUASHED.
16 IT IS SO ORDERED.

18 DATED: July 29, 2010

20                                         LOUISA S PORTER
                                           United States Magistrate Judge

22 cc:        The Honorable Irma E. Gonzalez
             All parties